UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DK HOLDINGS, dba DOTCOM HOST,<br><br>Plaintiff,<br><br>v.<br><br>MIVA, INC., et al.,<br><br>Defendants. | Case No.: 16-CV-0580 W (AGS)<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT DEFENDANTS' MOTIONS FOR LEAVE TO AMEND ANSWERS TO SECOND AMENDED COMPLAINT [DOCS. 141, 142];**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO BIFURCATE CLAIMS BY AND AGAINST DEFENDANT RAMIREZ [DOC. 151];**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO STRIKE [DOC. 166]; AND**<br><br>**(4) VACATING PRETRIAL CONFERENCE AND RELATED DEADLINES** |

Pending before the Court, *inter alia*, are two motions for leave to file amended answers, filed by Defendant Manuel Ramirez [Doc. 141] and Defendants Miva Inc. and Miva Merchant, Inc. [Doc. 142], respectively, a motion to bifurcate claims by and against

1

Defendant Manual Ramirez filed by Plaintiff DK Holdings [Doc. 151], and a motion to strike filed by Plaintiff DK Holdings. [Doc. 166.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons below, the Court **DENIES AS MOOT** the motions to amend, **DENIES** the motion to bifurcate, and **DENIES** the motion to strike. Additionally, the Court **VACATES** the pretrial conference and related deadlines.

I. BACKGROUND

The scheduling order set a deadline to amend pleadings of August 22, 2016. (*Scheduling Order* [Doc. 23] 1.) Nevertheless, in 2018, years after that deadline passed, parties jointly moved on three separate occasions to allow Plaintiff leave to amend. [Docs. 116, 131, 144.] Parties did not alert the Court that the deadline set in the scheduling order for amending pleadings had long since passed. (*Id.*) The Court granted each of the joint motions. [Docs. 119, 132, 144.] On the second of these occasions, on April 16, 2018, parties' joint motion for leave to file the proposed Second Amended Complaint ("SAC") brought a new defendant to the case—Manuel Ramirez. (*Joint Mot. for Leave to File SAC* [Doc. 131].) The joint motion failed to bring to the Court's attention that the new complaint would introduce a new defendant. (*Id.*)

Plaintiff now seeks to use the deadline specified in the original 2016 scheduling order to prevent Defendants from responding to the years-late amendment that it was able to file by stipulation.

II. LEGAL STANDARDS

    A.    **Motion for Leave to Amend**

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)(2)). "The court should freely give leave [to amend] when justice so

2

requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend "is 'to be applied with extreme liberality.' " Eminence Capital, LLC, 316 F.3d at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations omitted). However, "[n]ot all of the factors merit equal weight." Eminence Capital, LLC, 316 F.3d at 1051. "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. "Prejudice is the 'touchstone of the inquiry under rule 15(a).' " Id. (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)).

That being said, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

> Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

Id. at 609 (quoting advisory committee's notes (1983 amendment)).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

3

modification." Id.  Critically, "If that party was not diligent, the inquiry should end." Id.

### B. Motion to Bifurcate

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42.  " 'Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings . . . .' " Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002)).

### C. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The court may act . . . on its own[,] or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id.  " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .' " Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994)).  Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible

4

relation to the controversy, and may cause prejudice to one of the parties." See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. See Dunmore, 2010 WL 5200940, at *3. " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " Whittlestone, 618 F.3d at 974 (quoting Fogerty, 984 F.2d at 1527). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation omitted). "Scandalous matters are allegations 'that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court.' " Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Corbell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004)).

### III. DISCUSSION

#### A. Motions to Amend Answers to the SAC

While both of Defendants' motions to amend their answers were pending, parties moved jointly to afford Plaintiff leave to file a Third Amended Complaint ("TAC"). (*Joint Mot.* [Doc. 144].) The motion was granted. (*August 20, 2018 Order* [Doc. 147].) Plaintiff filed the TAC. (*TAC* [Doc. 148].)

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' " Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by* Lacey v. Maricopa County, 693 F.3d 896, 927–28 (9th Cir. 2012).

The SAC is non-existent. The answers to it are irrelevant. The motions to amend the answers to the SAC will be denied as moot. [Docs. 141–42.]

5

**B. Motion to Bifurcate**

Plaintiff jointly moved with all Defendants to bring a new party into the case in April of 2018—nearly twenty months after the deadline set in the scheduling order. (*Scheduling Order* [Doc. 23] 1.) Now, Plaintiff moves to separate Ramirez (and his counterclaims) from this case. (*Mot. to Birfucate* [Doc. 151] 6–7.) It has dismissed the misappropriation of trade secrets claim against the Miva defendants in the TAC, and it asserts that the claims are now different enough to make it inefficient to try the defendants together. (*Id.*) The TAC makes it clear this is not the case.

Per the TAC, claims against Ramirez and the Miva defendants have significant overlap. (*TAC* [Doc. 148] ¶¶ 31–35 ("Defendants improperly used their knowledge of dotCOM host's customers to contact dotCOM host's customers . . . ."), 105–07 (alleging that Ramirez stole dotCOM's confidential business information to help Miva compete with dotCOM—including customer information—for which he had no use "other than to help his new employer unlawfully compete with dotCOM host").) After bringing Ramirez into this lawsuit, Plaintiff now represents that the claim against him has nothing to do with the claims against the Miva defendants. This runs contrary to Plaintiff's own allegations. It does not follow from the dismissal of the trade secret misappropriation claim against the Miva defendants that trying the defendants separately would be more efficient.

The motion to bifurcate will be denied. [Doc. 151.]

//
//
//
//
//
//
//
//

### C. Motion to Strike

Plaintiff moves to strike Defendants' answers to the TAC and related counterclaims on the basis that they violate the scheduling order.[1] This is meritless.

The 2016 scheduling order provides, in relevant part:

> Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **August 22, 2016**.

(*Scheduling Order* [Doc. 23] 1.)

Defendants' answers and counterclaims are not motions. The scheduling order is inapplicable. Plaintiff fails to show that the pleadings filed in response to the TAC are otherwise "an insufficient defense," or "redundant, immaterial, impertinent, or scandalous material[.]" See Fed. R. Civ. P. 12(f).

The motion to strike will be denied. [Doc. 166.]

### D. Pretrial Conference and Related Deadlines

In light of the pending motions for partial summary judgment [Docs. 150, 161–62], this case is not yet ready for trial. The pretrial conference and all related deadlines will be vacated pending resolution of the motions for partial summary judgment. Upon resolution of the motions, the Court will contact the parties to reschedule the conference.

//
//
//

---

[1] Plaintiff overlooks that it has three times successfully moved to file an amended pleading in 2018—years after the lapse of the amendment deadline set in the very same scheduling order it now seeks to enforce. (*Scheduling Order* [Doc. 23] 1.) These motions were joint. (Joint Mots. to Amend [Docs. 116, 131, 144].) By virtue of stipulation and without alerting the Court, Plaintiff was able to circumvent the scheduling order and file late amendments on three separate occasions. It now seeks to enforce that same 2016 scheduling order against the same defendants that stipulated with it so as to prevent them from responding. The joint motion to file the SAC that would add Ramirez was filed on April 16, 2018—nearly twenty months after the deadline set in the 2016 scheduling order for adding a new party. (*Scheduling Order* [Doc. 23] ¶ 1; *Joint Mot. for Leave to File SAC* [Doc. 131].)

7

## IV. CONCLUSION & ORDER

Defendants' motions for leave to amend the answers to the SAC are **DENIED AS MOOT**. [Docs. 141, 142.]

Plaintiff's motion to bifurcate is **DENIED**. [Doc. 151.]

Plaintiff's motion to strike is **DENIED.** [Doc. 166.]

The pretrial conference set for January 7, 2019, is **VACATED**, as are all related deadlines.

**IT IS SO ORDERED.**

Dated: November 26, 2018

Hon. Thomas J. Whelan
United States District Judge