# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DK HOLDINGS, dba DOTCOM HOST,<br><br>Plaintiff,<br><br>v.<br><br>MIVA, INC., et al.,<br><br>Defendants. | Case No.: 16-CV-0580 W (AGS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 194]; AND**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO AMEND [DOC. 194]** |

Pending before the Court is Plaintiff's motion: (1) for reconsideration of the portion of the Court's January 24, 2019 Order that granted partial summary judgment on its breach of contract claim for relief in the Third Amended Complaint ("TAC"); and (2) in the alternative for leave to amend the TAC. (*Mot. for Reconsideration* [Doc. 194]; *Jan. 24, 2019 Order* [Doc. 192] 13.) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the motion for reconsideration and **DENIES WITHOUT PREJUDICE** the motion for leave to amend.

//
//
//

1

## I. BACKGROUND

Plaintiff dotCOM Host is an internet hosting business. (*TAC* [Doc. 148] ¶ 13.) Miva, Inc., is the successor in interest to Miva Corporation, a company that created software used in online retail websites. (*Wilson Decl.* [Doc. 162-2] ¶¶ 3, 9.) dotCOM and Miva were in business together for some time, with Miva offering perpetual licenses for software used in sites hosted by dotCOM. (*See Hosting Partner Distribution Agreement* [Doc. 150-7, Exh. 2]; *Joint Statement of Undisputed Facts* [Doc. 164] ¶ 3.)

However, in 2009, Miva changed its business model to software as a service ("SaaS"). (*Joint Statement of Disputed Facts* [Doc. 164] ¶ 4; *Addendum to Agreement* [Doc. 150-8, Exh. 3].) The parties executed a "most favored nations" ("MFN") clause:

> Should Miva Merchant at any time, during the life of this agreement, sell Miva Merchant licenses, under similar quantity and delivery conditions, to another Host,[1] at prices below those stated herein, Miva Merchant will immediately extend such lower prices to Host.

(*Addendum to Agreement* [Doc. 150-8, Exh. 3] ¶ 1.2.)

Yet despite this clause, Miva purchased its own competing web host, entered the web hosting business itself, and began raising dotCOM's SaaS prices for Miva retail software. (*See Daris Decl.* [Doc. 150-6] ¶¶ 15–19.) dotCOM lost half its customers in a short period of time. (*Id.* [Doc. 150-6] ¶ 19.)

dotCOM brought this action in March of 2016. (*Compl.* [Doc. 1].) The TAC stated seven claims for relief, including breach of contract. (*TAC* [Doc. 148].) That breach of contract claim alleged a breach of the most favored nations clause only through orchestrating the move of dotCOM's customers to Miva's own web hosting services. (*Id.* [Doc. 148] ¶¶ 93–102.) It alleged nothing of breach through discounted software sales to third parties.

---

[1] "Host" is a defined term within the Addendum, but it refers to dotCOM Host. (*Addendum to Agreement* [Doc. 150-8, Exh. 3] 1.) Its meaning within this sentence is not clear. The Court interprets the word "Host" in this sentence as a generic.

2

On January 24, 2019, the Court granted in part and denied in part Defendants' motion for partial summary judgment. (*Jan. 24, 2019 Order* [Doc. 192].) It granted the motion as to Plaintiff's breach of contract claim, finding legally deficient the only theory of breach alleged in the TAC—through the use of Miva's own web host, previously known as Hostasaurus. (*Id.* [Doc. 192] 12–13.) The Court held, "[b]y selling licenses directly to clients hosted by Miva Merchant, Inc., Miva circumvented the most favored nations clause . . . . But it did not breach it." (*Id.* [Doc. 192] 13.) The Court did not consider evidence of breach through price discrimination as to other third-party hosts, as Plaintiff did not allege this theory of liability in the TAC. (*Id.*)

Plaintiff now moves for reconsideration of the portion of the Court's January 24 order granting partial summary judgment on the breach of contract claim on the basis that Defendants had notice of the alternate theory of breach pertaining to third-party hosts (despite the fact that it was not alleged in the TAC). (*Mot. for Reconsideration* [Doc. 194].) As Plaintiff reasons, parties had asked several deposition questions pertaining to the issue, so Defendants should have been aware that they might have been liable as to a theory that was absent from the operative pleading. For the reasons that follow, the contention has no merit.

Alternatively, Plaintiff requests leave to file an amended pleading. As follows, it fails to address the appropriate legal standard under Rule 16, for demonstrating good cause to amend a scheduling order.

II. **LEGAL STANDARD**

    A. **Motion for Reconsideration**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

3

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' " Id. (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (emphasis omitted).  It does not give parties a second bite at the apple. See id.  " '[A]fter thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration.  Ausmus v. Lexington Ins. Co., No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.) (internal quotation omitted).

### B. Motion for Leave to Amend the TAC

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)(2)).  "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The policy in favor of leave to amend "is 'to be applied with extreme liberality.' " Eminence Capital, LLC, 316 F.3d at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations omitted).  However, "[n]ot all of the factors merit equal weight." Eminence Capital, LLC, 316 F.3d at 1052.  "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Id.  "Prejudice is the 'touchstone of the inquiry under rule 15(a).' " Id. (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)).

4

Rule 15(a) aside, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

> Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

Id. at 609 (quoting advisory committee's notes (1983 amendment)).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Critically, "If that party was not diligent, the inquiry should end." Id.

## III. DISCUSSION

### A. Motion for Reconsideration

The central premise underlying Plaintiff's motion for reconsideration is that Plaintiff may oppose a motion for summary judgment based on a theory of liability that does not appear in its operative pleading.

"[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006) (internal quotation omitted). If a plaintiff fails to assert any factual allegations as to a particular theory of liability in a complaint, the "provision of affidavits and declarations supporting [that theory] at the summary judgment stage is ineffectual." La

5

Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1088 (9th Cir. 2010). The reason for this is simple. "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Updike v. Multnomah Cty., 870 F.3d 939, 952 (9th Cir. 2017), *cert. denied sub nom.* Multnomah Cty., Or. v. Updike, 139 S. Ct. 55 (2018) (quoting Pickern v. Pier1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (internal quotation omitted)). Pleadings inform a defendant as to what theories and claims are at issue in preparing a defense. See Fed. R. Civ. P. 8; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### 1. Partial Summary Judgment Was Not Granted Based on an Argument Raised for the First Time in a Reply Brief.

Plaintiff represents that the grant of partial summary judgment on the breach of contract claim was "based on a matter first raised in the reply brief." (*Notice of Mot. for Reconsideration* [Doc. 194] 1:11.) This is not the case. Plaintiff itself raised the argument that Defendant breached the MFN clause through offering differential pricing to third-party competitors. (*MSJ Opp'n* [Doc. 170] 3–4.) This theory was wholly absent from TAC. (*TAC* [Doc. 148] ¶¶ 93–102.) That Defendants pointed out its absence in reply does not imply that the Court was obliged to consider evidence of the theory in deciding the motion for partial summary judgment.

//
//
//

### 2. The TAC Did Not Allege the Relevant Theory.

Plaintiff argues that the TAC alleges Defendants breached the MFN clause by offering differential pricing to third-party competitors. (*Mot. for Reconsideration* [Doc. 194] 3:14–5:12.) It does not.

6

Plaintiff appears to contend that in order to satisfy Rule 8 and give Defendants fair notice of the theory of liability surrounding its breach of contract claim, it need only recite the elements of the breach of contract claim—the existence of a contract, its performance or excuse for nonperformance, the defendant's breach, and resulting damages. (*Mot. for Reconsideration* [Doc. 194] 3:1–13 (referencing <u>Donohue v. Apple</u>, 871 F. Supp. 2d 916, 930 (N.D. Cal. 2012).)  Plaintiff confuses necessity and sufficiency. It needs to allege these elements according to the applicable pleading standard.  "[A] formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). Rather, "[f]actual allegations must be enough to raise a right to relief above a speculative level." <u>Id.</u> To afford fair notice, the allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).  Plaintiff's assertion that "the pleading requirements of Rule 8 . . . do not require any specific factual assertions" is incorrect. (*Mot. for Reconsideration* [Doc. 194-1] 8:1–15.)

Plaintiff represents:

> [N]owhere in its pleadings does dotCOM limit its theory to an allegation that Defendants sold at lower prices through Hostasaurus.  On the contrary, Plaintiff's claim makes clear that the 'most favored nations' provision precludes Defendants from selling at lower prices to *any* other hosting company because such discrimination would be deadly . . . . ***There is absolutely no language in the pleadings that would limit the contract theory to lower-priced sales to Hostasaurus.***

(*Mot. for Reconsideration* [Doc. 194-1] 4.)  This is not so.  The TAC pleads a distinct theory of breach in great detail, while mentioning nothing of Defendants having breached the relevant clause by selling at lower prices to other hosts. (*TAC* [Doc. 148] ¶¶ 93–102.) Plaintiff did not plausibly plead a separate theory of liability so as to afford Defendants

fair notice before presenting it in opposition to the motion for partial summary judgment.[2] See Southwall Techs., Inc., 435 F.3d at 992; City of Lake Forest, 624 F.3d at 1088; Updike, 870 F.3d at 952.

### B. Motion for Leave to Amend the TAC

Plaintiff argues in the alternative to amend the scheduling order in order to allow for a fourth amended pleading.

As discussed above, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson, 975 F.2d at 609 (quoting Forstmann, 114 F.R.D. at 85).

> Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

Id. at 609 (quoting advisory committee's notes (1983 amendment)).

The original scheduling order set a deadline for amendment of **August 22, 2016**. Despite the fact that parties have jointly moved for leave to amend three times since then [Docs. 116, 120, 131, 133, 144, 148] (with the operative TAC having been filed August

---

[2] The fact that differential third-party pricing was brought up in discovery does not vitiate this point. In fact, all of the evidence Plaintiff provides in conjunction with this motion for reconsideration is dated prior to the filing of the TAC. (*See Wilson Depo.* [Doc. 194-3] (June 4, 2018); *Hanson Report* [Doc. 194-4] (July 23, 2018); *October 10, 2018* [Doc. 194-5] (October 10, 2018); *Osborne Depo.* [Doc. 194-6] (June 26, 2018); *Bottoli Depo.* [Doc. 194-7]; *Carroll Depo.* [Doc. 194-9]; *Kolodziej Depo.* [Doc. 194-10] (May 31, 2018); *Daris Depo.* [Doc. 194-11] (June 1, 2018).) If Plaintiff wanted to pursue a claim based on differential third-party pricing, it could have afforded Defendants fair notice of that claim simply by including it in the TAC, filed after the above-cited discovery. (*TAC* [Doc. 148] (filed August 22, 2018).) It chose not to do so.

8

22, 2018), this scheduling order is still in effect. If Plaintiff wishes to amend its pleading, it must seek to amend that scheduling order based on Rule 16(b)'s good cause standard. It has not done so here.

The motion for leave to amend will be denied without prejudice.

## IV. CONCLUSION & ORDER

Plaintiff's motion for reconsideration is **DENIED**. [Doc. 194.]

Plaintiff's motion for leave to amend is **DENIED WITHOUT PREJUDICE**. [Doc. 194.]

**IT IS SO ORDERED.**

Dated: April 3, 2019

_____
Hon. Thomas J. Whelan
United States District Judge