# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DK HOLDINGS, dba DOTCOM HOST,<br><br>Plaintiff,<br><br>v.<br><br>MIVA, INC., et al.,<br><br>Defendants. | Case No.: 16-CV-0580 W (AGS)<br><br>**ORDER DENYING MOTION TO AMEND THE SCHEDULING ORDER [DOC. 203]** |

Pending before the Court is Plaintiff's motion to amend the scheduling order to allow for the filing of a Fourth Amended Complaint. [Doc. 203.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons below, the Court **DENIES** the motion.

//
//
//
//
//
//
//
//
//

1

## I. BACKGROUND

The deadline for moving to amend the pleadings in this case is August 22, 2016. (*Scheduling Order* [Doc. 23].) Parties have three times moved to file amended pleadings on a joint basis in 2018, years after this date lapsed. (*Joint Mots. to Amend* [Docs. 116, 131, 144].) In each instance, the Court allowed for the filing of an amended pleading by stipulation, irrespective of the much-earlier scheduling order deadline. Following a counterclaim by Defendant Manuel Ramirez filed on September 5, 2018, discovery reopened—closing only recently, on May 3 of 2019. (*Ramirez Counterclaim* [Doc. 155]; *April 19, 2019 Order* [Doc. 205].)

In between the filing of the Second Amended Complaint ("SAC") on April 18, 2018 and the Third Amended Complaint ("TAC") on August 22, 2018, Plaintiff took several depositions indicating that Defendant Miva, Inc. may have offered lower software prices to third-party competitors, independent of its own web hosting service.[1] These facts ostensibly supported a separate breach of the Most Favored Nations ("MFN") clause—apart from the breach of contract claim alleged in the SAC, which solely alleged breach through discounted software sales to Miva's own web hosting service. (*SAC* [Doc. 133] ¶¶ 93–102.) Yet when parties jointly moved to afford Plaintiff leave to amend in August of 2018 so as to dismiss the trade secrets claim against the Miva Defendants (*Joint Mot. to File TAC* [Doc. 144]), Plaintiff did not include this theory in the new complaint. (*TAC* [Doc. 148].) The TAC, which remains the operative pleading, alleged nothing of a violation of the MFN clause through discounted software sales to third parties. (*Id.*)

Parties filed cross-motions for summary judgment, and the Court held that Plaintiff could not pursue the theory that Miva had breached the MFN clause through discounted

---

[1] (*See Wilson Depo.* [Doc. 170-2, Exh. 1] (June 4, 2018); *Osborne Depo.* [Doc. 194-6, Exh. 4] (June 26, 2018); *Bottoli Depo.* [Doc. 194-7, Exh. 5] (June 11, 2018); *Carroll Depo.* [Doc. 194-9, Exh. 7] (June 13, 2018).)

software sales to third parties, as the TAC did not afford Defendants notice of the grounds upon which this claim rested in accordance with Federal Rule of Civil Procedure 8(a)(2). (*Jan. 24, 2019 Order* [Doc. 192] 13.) Plaintiff moved for reconsideration. [Doc. 194.] This motion was denied. (*Apr. 3, 2019 Order* [Doc. 202].)

On April 15, 2019, Plaintiff filed the instant motion to amend the scheduling order so as to allow for the filing of a Fourth Amended Complaint. (*Pl.'s Mot.* [Doc. 203].) Defendants oppose. (*Defs.' Opp'n* [Doc. 206].)

## II.  LEGAL STANDARD

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)(2)). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend "is 'to be applied with extreme liberality.' " Eminence Capital, LLC, 316 F.3d at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations omitted). However, "[n]ot all of the factors merit equal weight." Eminence Capital, LLC, 316 F.3d at 1052. "As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. "Prejudice is the 'touchstone of the inquiry under rule 15(a).' " Id. (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001)).

That being said, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is

3

not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

> Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

Id. at 609 (quoting advisory committee's notes (1983 amendment)).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Critically, "If that party was not diligent, the inquiry should end." Id.

### III. DISCUSSION

In order to amend the pretrial schedule, dotCOM must demonstrate that it acted diligently to comply with the existing pretrial schedule, or in seeking to modify that schedule. See Fed. R. Civ. P. 16(b)(4); Johnson, 975 F.2d at 609. It does not.

dotCOM ostensibly discovered the facts underlying the theory it now seeks to pursue via deposition testimony in June of 2018, months before the filing of the TAC. Yet it did not seek to amend the scheduling order until April 15, 2019. (*Pl.'s Mot.* [Doc. 203].) dotCOM argues that it only discovered the problem with its pleading when opposing counsel raised the issue during summary judgment briefing. (*Pl.'s Mot.* [Doc. 203-1] 1:18–2:23.) This is not diligence. Plaintiff is responsible for complying with the pleading standard. No good cause for not

4

including the alternative theory of breach in the TAC appears in the instant motion. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. If Plaintiff wanted to pursue an alternative theory of breach that did not appear in the operative pleading, it should have sought to amend the scheduling order shortly after discovering the facts underlying that theory—in mid-2018. It did not.

Because dotCOM fails to demonstrate that it acted diligently as per Rule 16(b)(4), the inquiry ends. Johnson, 975 F.2d at 609.

## IV. CONCLUSION & ORDER

Plaintiff's motion to amend the scheduling order is **DENIED**. [Doc. 203.]

**IT IS SO ORDERED.**

Dated: June 18, 2019

Hon. Thomas J. Whelan
United States District Judge